## *In re* MUSER *et al.*

(*Circuit Court, S. D. New York.* March 21, 1892.)

1. CUSTOMS DUTIES—BOARD OF APPRAISERS—REVIEW BY CIRCUIT COURT—EVIDENCE.
   On a review by the circuit court, under Act Cong. June 10, 1890, § 15, of the decision of the board of general appraisers, a motion to strike out testimony taken before the board will be denied, although the record, as certified, states that the facts were found "from the evidence and common knowledge," and included evidence taken in other cases, in which the importers were not concerned, and had had no opportunity to answer or controvert the same.

2. SAME.
   It is clearly the intention of the act, as shown by the proceedings in congress leading to its passage, that the board of general appraisers should possess expert knowledge of their own, and that their decision should be based upon such knowledge and the evidence submitted, or upon no evidence at all, or in the absence of the importer and his witnesses. *Rector of Holy Trinity* v. *U. S.*, 12 Sup. Ct. Rep. 511, applied.

3. SAME—EVIDENCE.
   All evidence taken before the board is by section 15 made competent before the circuit court on review, but the importer is then entitled to controvert it under the ordinary rules of evidence.

### At Law.

STATEMENT BY LACOMBE, CIRCUIT JUDGE.

The importers in this case have applied to the circuit court for a review of the decision of the board of general appraisers, acting under the act of June 10, 1890, known as the "Administrative Customs Law." The board had duly filed the return required by section 15 of that act, and motion is now made to strike therefrom certain evidence included in such return.

*W. W. Smith,* for the motion.

*Edward Mitchell,* U. S. Atty., and *Henry C. Platt,* Asst. U. S. Atty., opposed.

LACOMBE, Circuit Judge. The importers, in this case, being dissatisfied with the decision of the collector as to the classification of their goods, and rate of duty imposed thereon, gave the notice in writing required by section 14 of the customs administrative act. Thereupon all the papers and exhibits were transmitted to the board of three general appraisers, which board proceeded to examine and decide the case thus submitted. To assist them in reaching a conclusion the testimony of witnesses produced by the importers and by the collector of the port of New York was taken under oath, and such testimony is returned by them. A statement of the facts involved in the case, as found by the board, is duly certified to this court, prefaced by the statement that they find the facts "from the record and the evidence, and from common knowledge." There is also included in the return evidence taken in two other cases, with which these importers had no concern, of the existence of which testimony they were wholly ignorant, and which they never had any opportunity to answer or controvert before the board. If the proceedings in these cases before the board of general appraisers are to

be regulated in accordance with the principles which prevail on the trial of causes in courts, a system of procedure as abnormal as this could be supported only by the clearest and most unmistakable language in the statute providing for it.   But the board of appraisers do not sit merely as a tribunal created to determine a controversy between parties upon evidence introduced by one side or the other.   Whatever may be the language of the statute, the true rule for its interpretation is to be found in the intention of its makers, and we may find that intention in the record of the proceedings which terminated in its enactment.   *Rector, etc., of Holy Trinity Church* v. *U. S.*, 12 Sup. Ct. Rep. 511.   The excerpts from the debates in the senate (volume 21, pt. 4, Cong. Rec. 51st Cong. 1st Sess. p. 4004 et seq.) which were submitted on the argument by the district attorney leave no doubt as to the character and functions of the board which congress intended to create.   The appraisers were to be experts, with knowledge of their own as respects the values and classification of imported goods,—knowledge derived, not only from sworn evidence taken in the particular case in hand, but from countless other cases involving similar goods.   A clause securing to the importer the privilege of being present before the board of general appraisers, with or without counsel, as he might elect, was stricken out before passage, with the express intent that the proceedings before the board might be to a large extent informal, and that they might sit, not as a court, but as an *ex parte* revenue tribunal, before which the parties were to have no right to be heard by counsel, to be confronted with witnesses, or to make argument, although the board might, if it chose, require the attendance of witnesses, and invite the importer to attend and state his case personally or by counsel.   It was plainly contemplated by the framers of the act that the board would sit as experts to decide in a summary manner questions of value and classification arising under the tariff laws, reaching their decision from their own expert knowledge and from the evidence submitted to them, or such as they might obtain.   A remonstrance by importers against the passage of the act in its present shape, which was presented and read in the senate, expressly criticised the pending bill because "no right is given to the importer to be present, with or without counsel, at the proceedings of the board, or to cross-examine the government's witnesses," and because "the board can fix the classification and rate upon any or even no evidence at all, in the absence of the importer and any witnesses he might be able to secure," and because "all the testimony that the board may thus obtain or choose to use is made competent evidence before the circuit court, if an appeal is taken." I do not find anything in the letter of the act itself which requires a different interpretation of its meaning, and, even if I did, should not, since the decision in the *Holy Trinity Case, supra,* feel warranted in abiding by its letter, in the light of such unmistakable evidence as to the intention of its makers.

As the act (section 15) expressly provides that all the evidence taken by and before the appraisers shall be competent evidence before the circuit court, and as their return shows that the evidence in the two cases with

which this importer was not concerned was taken by or before them, the motion to strike it out is denied. The importer has abundant opportunity to controvert any such evidence, upon the reference to which he is entitled under the fifteenth section of the act.